# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| HELLO CORPORATION OF ) | |
| PENNSYLVANIA, INC. ) | Bankruptcy No. 06-70001-BM |
| ) | Chapter 11 |
| Debtor, ) | |
| _____) | |
| ) | |
| THE OFFICIAL COMMITTEE OF ) | |
| UNSECURED CREDITORS, ) | |
| ) | |
| Movant ) | |
| v. ) | Civil Action No. 06-114J |
| ) | |
| HALLMARK RETAIL, INC. ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION and ORDER

**GIBSON, J.**

This matter is before the Court on Movant's Motion for Leave to Appeal (Document No. 1). Movant requests that the Court grant it leave to appeal an interlocutory order of the Bankruptcy Court granting Respondent an administrative expense claim under 11 U.S.C. § 503(b) (hereinafter "503(b)") for stub period rent from January 3, 2006 through January 31, 2006.[1]

On March 7, 2006 the Bankruptcy Court granted Respondent an administrative expense priority under 503(b) for its stub period rent but denied Respondent's request for immediate payment of the administrative expense until such time as the Debtor assumes the relevant leases or a plan is confirmed.

---

[1] Stub period rent is the rent from the date of the filing of the petition in bankruptcy through the end of that rental payment period. In this instance rent was due on a monthly basis. Rent was due January 1, 2006. The debtor filed its petition for relief in the bankruptcy court on January 3, 2006. Therefore, the stub period is January 3 through January 31, 2006. *See In re ZB Co., Inc.*, 302 B.R. 316, 317 (Bankr. D. Del. 2003).

The Bankruptcy Court noted that the issue of an administrative expense for the stub period rent may become moot if the Debtor assumes the relevant leases. Movant argues that the Bankruptcy Court's decision to allow the Respondent an administrative expense claim under 503(b) for the stub period rent is contrary to *In re Montgomery Ward Holding Corp.*, 268 F.3d 205 (3d Cir. 2001) and *In re Paskorz*, 284 B.R. 429 (Bankr. W.D. Pa. 2002). After reviewing these cases the Court finds that the Bankruptcy Court's holding is not contrary to the holdings in the cases cited by Movant. The cases cited by Movant do not address the issue of allowing an administrative expense claim under 503(b) for stub period rent. Rather, *In re Montgomery* and *In re Paskorz* only address the issue of how to apply the administrative expense priority provided for in 11 U.S.C. 365(d) (hereinafter "365(d)"). 268 F.3d at 208-12; 284 B.R. at 432-33. Nothing in either of the cases cited by Movant precludes a landlord from requesting that the stub period rent be accorded an administrative expense priority under 503(b) even though it is not accorded such a priority under 365(d).[2]

Pursuant to 28 U.S.C. § 158(a)(3) a party may appeal interlocutory orders and decrees of a bankruptcy court only if granted leave to do so by the district court. Bankruptcy Rules 8001 and 8003 require that those who file an interlocutory appeal must seek leave to do so, however, no additional guidance is provided by the Bankruptcy Code regarding the appropriate standard a district court should apply in determining whether leave to appeal should be granted. *In re Sandenhill*, 304 B.R. 692, 693-94

---

[2] 11 U.S.C. § 365(d) allows a landlord to obtain an administrative expense priority without having "to comply with the formal and time consuming procedure of application, notice and a hearing" required under 503(b) and does not limit recovery to the reasonable value of the debtor in possession's actual use and occupancy of the premises as 503(b) does. *In re Montgomery Ward*, 268 F.3d at 210 (citations omitted). On the other hand, 503(b) provides that an entity can request payment of an administrative expense claim for "the actual, necessary costs and expenses of preserving the estate..." which may be allowed after notice and a hearing. 11 U.S.C. § 503(b). When requesting payment of an administrative expense claim under 503(b) the entity must show the expense was an actual and necessary cost of preserving the estate and the expense benefitted the estate before an administrative expense priority will be granted. *See In re Montgomery Ward*, 268 F.3d at 210.

(E.D. Pa. 2004) (citations omitted).

According to 28 U.S.C. § 158(2) "[a]n appeal under subsection[] (a) ... of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts...." Therefore, "many courts, including courts in this district, have borrowed the language of 28 U.S.C. § 1292(b), which defines the scope of appellate jurisdiction over interlocutory appeals from the district courts, to apply to appeals [to district courts] from interlocutory orders of the bankruptcy courts." *In re Sandenhill*, 304 B.R. at 694 (citations omitted). "Under § 1292(b), as applied to § 158(a)(3), it is appropriate for a district court to hear an appeal from an interlocutory order of the bankruptcy court if all three of the following conditions are satisfied: (1) a controlling question of law is involved; (2) there is a substantial ground for difference of opinion regarding the question of law; and (3) an immediate appeal would materially advance the termination of the litigation." *Id.*

First, the Court notes that the issue Movant is trying to appeal may become moot if the Debtor ultimately decides to assume the relevant leases and, therefore, an appeal to this Court at the present time is premature. Furthermore, although the Court recognizes that the number and amount of administrative expense claims that must be paid out will lessen the pot of money available to pay unsecured claims, an appeal to the Court on the issue of whether stub period rent can be an administrative expense under 503(b), even though it is not an administrative expense under 365(d), would in no way materially advance the termination of the bankruptcy litigation. Therefore, all three of the requisite conditions that must be met before the Court should grant leave to appeal an interlocutory order from the Bankruptcy Court cannot be met. Accordingly, Movant's Motion for Leave to Appeal will be denied.

An appropriate order follows.

**AND NOW,** this 3rd day of July, 2006, after considering Movant's Motion for Leave to Appeal (Document No. 1), the Court finds an immediate appeal is premature and would not materially advance the termination of the litigation, and therefore, **IT IS HEREBY ORDERED** that the Movant's Motion for Leave to Appeal is DENIED.

BY THE COURT:

_____
**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**